UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division



WILLIE DEVON JONES,

        Plaintiff,

v.                                    ACTION NO. 2:15cv90

MICHAEL L. WADE,
Sheriff,

        Defendant.

### MEMORANDUM OPINION AND FINAL ORDER

Plaintiff, a Virginia inmate, brings this pro se action pursuant to 42 U.S.C. § 1983 to redress alleged violations of his constitutional rights. Specifically, Plaintiff claims that Defendant failed to have Plaintiff treated for chronic Hepatitis C. Plaintiff seeks $25,000.

### I. Procedural History

After Plaintiff qualified to proceed in forma pauperis, Defendant filed a Motion for Summary Judgment and a memorandum and affidavits in support thereof. ECF No. 29 and 31, respectively. In accordance with Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975), Plaintiff was given an opportunity to respond to Defendant's Motion with any material that he wished to offer in rebuttal. Plaintiff filed his Response and Defendant filed a Rebuttal Brief. ECF Nos. 36 and 37, respectively. Accordingly, this matter is ripe for judicial consideration.

## II. Facts

Plaintiff was incarcerated at Henrico County Jail from June 13, 2014 to July 11, 2014. Plaintiff was again incarcerated at Henrico County Jail from July 29, 2014, until June 8, 2015. Defendant is the Sheriff of Henrico County. On August 11, 2014, Plaintiff requested treatment for Hepatitis C. Plaintiff's medical records were requested from the Medical College of Virginia ("MCV"). On August 12, 2014, a urinalysis was performed, and the results were normal. On September 4, Plaintiff was examined by Dr. Clark, and a nurse practitioner reviewed Plaintiff's medical records from MCV. Plaintiff's medical records revealed that Plaintiff had been diagnosed with Hepatitis C in December 2013, and that the Hepatology specialist at MCV had indicated that treatment was a consideration if Plaintiff was free of IV drug use for six months.[1]

In her Affidavit, ECF No. 31-3, Dr. Young explains that Hepatitis C is a slow acting disease, and that the majority of patients do not require treatment. Id. at ¶ 9. Treatment is not medically indicated unless there is evidence that the Hepatitis C virus has progressed. Id. at ¶ 13.

---

[1] The record indicates that Plaintiff began to experience withdrawal from heroin on June 14, 2014, and was sent to the hospital on June 15, 2015. Therefore, Plaintiff had not been free of IV drug use for six months at the time he sought treatment at Henrico County Jail.

2

During his incarceration, Plaintiff received liver function tests and renal function tests to determine whether the Hepatitis C virus was progressing. The tests results were within the normal range. Therefore, it was determined by the doctor that Plaintiff's Hepatitis C virus was not at a stage that required treatment.

### III. Analysis

**A. Summary Judgment Standard**

Summary judgment is appropriate only when a court, viewing the record as a whole and in the light most favorable to the nonmoving party, determines that there exists "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986); Seabulk Offshore, Ltd. v. Am. Home Assurance Co., 377 F.3d 408, 418 (4th Cir. 2004). The moving party has the initial burden to show the absence of an essential element of the nonmoving party's case and to demonstrate that the moving party is entitled to judgment as a matter of law. Honor v. Booz-Allen & Hamilton, Inc., 383 F.3d 180, 185 (4th Cir. 2004); McLean v. Patten Cmtys., Inc., 332 F.3d 714, 718 (4th Cir. 2003); see Celotex Corp., 477 U.S. at 322-25. When the moving party has met its burden to show that the evidence is insufficient to support the nonmoving party's case, the burden then shifts to the nonmoving party to present specific facts demonstrating that there is a genuine issue for trial. Matsushita Elec. Indus. Co. v.

Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); Honor, 383 F.3d at 185; McLean, 332 F.3d at 718-19. Such facts must be presented in the form of exhibits and sworn affidavits. Celotex Corp., 477 U.S. at 324; see also M&M Med. Supplies & Serv., Inc. v. Pleasant Valley Hosp., Inc., 981 F.2d 160, 163 (4th Cir. 1993). Failure by a plaintiff to rebut a defendant's motion with such evidence on his behalf will result in summary judgment when appropriate. "[T]he plain language of Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 322.[2]

Although a court must draw all justifiable inferences in favor of the nonmoving party, in order to successfully defeat a motion for summary judgment, the nonmoving party must rely on more than conclusory allegations, "mere speculation," the "building of one inference upon another," the "mere existence of a scintilla of evidence," or the appearance of "some metaphysical doubt" concerning a material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986); Thompson v. Potomac Elec. Power Co., 312 F.3d

---

[2]Amendments to the Federal Rules of Civil Procedure, which became effective on December 1, 2010, moved the relevant language from section (c)(2) of Rule 56 to its present location in section (a). However, the advisory committee's note indicates that, despite these amendments, "[t]he standard for granting summary judgment remains unchanged." Fed. R. Civ. P. 56 advisory committee's note.

645, 649 (4th Cir. 2002); Tao of Sys. Integration, Inc. v. Analytical Servs. & Materials, Inc., 330 F. Supp. 2d 668, 671 (E.D. Va. 2004). Rather, the evidence must be such that the fact-finder reasonably could find for the nonmoving party. See Anderson, 477 U.S. at 252.

### B. Eighth Amendment Standard

The United States Supreme Court's holding in Estelle v. Gamble clearly establishes a prison inmate's right under the Eighth Amendment to be free from the deliberate indifference of prison officials toward a serious medical condition. 429 U.S. 97, 104-05 (1976). To prove cruel and unusual punishment in violation of the Eighth Amendment, a plaintiff must satisfy two requirements.

First, a plaintiff must show that the alleged deprivation was "sufficiently serious" from an objective viewpoint. Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). The inmate must have been denied "the minimal civilized measure of life's necessities," Wilson, 501 U.S. at 298 (citations omitted), and the deprivation must violate contemporary notions of decency. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981) (although prison conditions may be restrictive and even harsh, they are part of the penalty that criminal defendants must pay for their offenses against society).

To meet the second requirement, a subjective inquiry, the inmate must demonstrate that the prison officials acted at least

with deliberate indifference toward his or her needs. Farmer, 511 U.S. at 834; Wilson, 501 U.S. at 302-03. This subjective prong requires more than negligent conduct; deliberate indifference exists only when a prison official "knows of and disregards an excessive risk to inmate health or safety." Farmer, 511 U.S. at 837; see also id. at 835-37 (establishing a subjective recklessness standard for prison-condition cases); Whitley v. Albers, 475 U.S. 312, 319 (1986). In addition, a plaintiff must produce evidence of serious or significant physical or emotional injury resulting from the challenged cruel and unusual prison conditions. See Strickler v. Waters, 989 F.2d 1375, 1379-81 (4th Cir. 1993).

To establish that a prison official acted with deliberate indifference to inmate health or safety, the prison official must "both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837. "A prison official is not liable if he 'knew the underlying facts but believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent.'" Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998) (quoting Farmer, 511 U.S. at 844). An "unusually long delay between the emergence of a serious medical need and treatment of that need may provide a reasonable basis for an inference of deliberate indifference." Coppage v. Mann, 906 F. Supp. 1025, 1041 (E.D. Va. 1995) (citations omitted). However,

mere malpractice or negligence in diagnosis or treatment does not state a constitutional claim. See Estelle, 429 U.S. at 105-06; Miltier v. Beorn, 896 F.2d 848, 852 (4th Cir. 1990).

Nevertheless, the intentional denial or delay of an inmate's access to medical care may violate the Eighth Amendment. See Estelle, 429 U.S. at 104-05. A medical need becomes sufficiently serious "if the denial of or delay in treatment causes the inmate 'to suffer a life-long handicap or permanent loss.'" Coppage, 906 F. Supp. at 1037 (citations omitted); see also Hill v. DeKalb Reg'l Youth Detention Ctr., 40 F.3d 1176, 1188 (11th Cir. 1994). Moreover, when an inmate alleges that the delay in medical treatment is the basis of the constitutional deprivation, "the objective seriousness of the deprivation should be measured 'by reference to the *effect* of delay in treatment.'" Crowley v. Hedgepeth, 109 F.3d 500, 502 (8th Cir. 1997) (quoting Hill, 40 F.3d at 1188) (emphasis in Hill). Thus, an inmate who complains of a delay in medical treatment "must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed." Hill, 40 F.3d at 1188 (footnote omitted).

Beyond establishing that prison personnel acted with deliberate indifference to a serious medical need, a prisoner needs to show that he or she suffered from a serious injury as a result of these actions in order to maintain a successful Eighth Amendment

Case 2:15-cv-00090-RBS-LRL Document 39 Filed 03/18/16 Page 7 of 10 PageID# 690

mere malpractice or negligence in diagnosis or treatment does not state a constitutional claim. See Estelle, 429 U.S. at 105-06; Miltier v. Beorn, 896 F.2d 848, 852 (4th Cir. 1990).

Nevertheless, the intentional denial or delay of an inmate's access to medical care may violate the Eighth Amendment. See Estelle, 429 U.S. at 104-05. A medical need becomes sufficiently serious "if the denial of or delay in treatment causes the inmate 'to suffer a life-long handicap or permanent loss.'" Coppage, 906 F. Supp. at 1037 (citations omitted); see also Hill v. DeKalb Reg'l Youth Detention Ctr., 40 F.3d 1176, 1188 (11th Cir. 1994). Moreover, when an inmate alleges that the delay in medical treatment is the basis of the constitutional deprivation, "the objective seriousness of the deprivation should be measured 'by reference to the *effect* of delay in treatment.'" Crowley v. Hedgepeth, 109 F.3d 500, 502 (8th Cir. 1997) (quoting Hill, 40 F.3d at 1188) (emphasis in Hill). Thus, an inmate who complains of a delay in medical treatment "must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed." Hill, 40 F.3d at 1188 (footnote omitted).

Beyond establishing that prison personnel acted with deliberate indifference to a serious medical need, a prisoner needs to show that he or she suffered from a serious injury as a result of these actions in order to maintain a successful Eighth Amendment

claim. See Strickler, 989 F.2d at 1381. If the prisoner has not suffered such an injury, he or she "simply has not been subjected to cruel and unusual punishment within the meaning of the Amendment." Id.

### C. Discussion

In the Complaint, Plaintiff named only Defendant Wade, the Sheriff of Henrico County. Supervisory officials are entitled to rely on the expertise of prison doctors in treating inmates and are not deliberately indifferent in failing to intervene in treatment. Miltier v. Beorn, 896 F.2d 848, 854-55 (4th Cir. 1990). Section 1983 liability is personal in nature, and the doctrine of respondeat superior is generally inapplicable to actions brought under the statute. Monell v. Department of Social Servs., 436 U.S. 658, 694 (1978); Lopez v. Robinson, 914 F.2d 486, 494 (4th Cir. 1990). Rather, to establish liability for civil rights violations, Plaintiff must show that Defendant (1) personally violated a specific right under federal law; (2) implemented an official policy which resulted in a constitutional violation; or (3) tacitly authorized or demonstrated deliberate indifference to the unlawful conduct of subordinates. See Gaston v. Taylor, 918 F.2d 25, 29 (4th Cir. 1990); Slakan v. Porter, 737 F.2d 368, 372-73 (4th Cir. 1984); Fisher v. Washington Metro. Area Transit Auth., 690 F.2d 1133, 1142-43 (4th Cir. 1982).

Defendant was not personally involved in Plaintiff's treatment. Rather, Plaintiff claims that Defendant has established a policy that inmates will not receive treatment for Hepatitis C. Defendant Wade has submitted his own affidavit as well as affidavits from and Ericka Young, D.O., the Medical Director for Henrico County Jail, and Michael Smithers, the Director of Medical Operations at the Henrico County Jail, stating that the jail does not have an informal or a formal policy against treating inmates with Hepatitis C. ECF Nos. 31-2, 31-3, and 31-4, respectively. In his response, Plaintiff asserts that it is "irrelevant" whether there is a policy or not, because the fact remains that he was not treated while incarcerated at Henrico County Jail. ECF No. 36 at 3.

Plaintiff has failed to establish a genuine issue of fact that would preclude summary judgment. Defendant does not have a policy to deny treatment to inmates with Hepatitis C. Defendant also does not have a policy to deny inmates treatment at the hospital. In fact, Plaintiff was treated at the hospital on June 15, 2014. Plaintiff did not receive treatment for Hepatitis C because the virus had not progressed to the point where Plaintiff required treatment. Plaintiff was asymptomatic during his ten-month incarceration at Henrico County Jail, and Plaintiff's tests results for liver and renal function were within the normal range. Therefore, the doctor determined that treatment was not medically

required at that time. Moreover, Plaintiff has not placed any evidence in the record that he suffered any injury as a result of not receiving treatment for the Hepatitis C virus.

## IV. Conclusion

For the aforementioned reasons, the court **GRANTS** Defendant's Motion for Summary Judgment.

Plaintiff is advised that he may appeal from this Memorandum Opinion and Final Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. Said written notice must be received by the Clerk within thirty (30) days from the date of this Memorandum Opinion and Final Order.

If Plaintiff wishes to proceed in forma pauperis on appeal, the application to proceed in forma pauperis is to be submitted to the Clerk, United States Court of Appeals, Fourth Circuit, 1100 E. Main Street, Richmond, Virginia 23219.

The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Final Order to Plaintiff and counsel for Defendant.

IT IS SO **ORDERED**.

/s/
Rebecca Beach Smith
Chief Judge

March 18, 2016